the appellant present and appoint counsel to represent him in the event the State sought to correct the judgments by nunc pro tunc orders. These orders have been complied with, and judgments nunc pro tunc have been entered, and notices of •appeal were given to this Court.

We have examined the transcripts forwarded to this Court and find the proceedings in all things regular, and the judgments are affirmed.

Wilbert John SIMMONS, alias William Simmons

v.

STATE.

Nos. 29984–29988.

Court of Criminal Appeals of Texas.

June 18, 1958.

Hosea Don FERGUSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 29885.

Court of Criminal Appeals of Texas.

June 25, 1958.

No attorney on appeal for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Presiding Judge.

The above cases are consolidated.

Petitioner made application to this Court for writ of habeas corpus alleging that the judgments against him in five certain cases from the Seventh Judicial District Court of Smith County were void because of indefiniteness. Ex parte East, 154 Tex.Cr.R. 123, 225 S.W.2d 833.

This Court required the trial court to personally inspect the judgments and certify his findings to this Court. In the same order, we instructed the trial court to have